1  <u>COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983</u>

*FILED*

*JAN ~~ 2015~~*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

2  Name  <u>Sawyer</u>                    <u>Kevin</u>              <u>D.</u>

3        (Last)                    (First)              (Initial)

4  Prisoner Number  <u>P-22673</u>

5  Institutional Address  <u>San Quentin State Prison, 2-N-18-U</u>

6                       <u>San Quentin, CA 94974</u>

=============================================================

7              UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA

9  <u>Kevin DeRoi Sawyer</u>
   (Enter the full name of plaintiff in this action.)

**C V 15 0220**

10                vs.

                                    Case No. _____
11 <u>Kevin R. Chappell, Warden</u>            (To be provided by the Clerk of Court)

12 <u>C. MacDonald (Lieutenant)</u>           **COMPLAINT UNDER THE**
                                          **CIVIL RIGHTS ACT,**
13 <u>R. Cavagnolo (Officer), M. Foss</u>    Title 42 U.S.C § 1983

                                          *(PR)*
14 <u>Ira J. Tate, J. Beard, J. Curzon</u>
   (Enter the full name of the defendant(s) in this action)

15 _____

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.    Exhaustion of Administrative Remedies.

18      [**Note:** You must exhaust your administrative remedies before your claim can go

19      forward.  The court will dismiss any unexhausted claims.]

20      A.    Place of present confinement <u>San Quentin State Prison</u>

21      B.    Is there a grievance procedure in this institution?

22            YES (**X**)    NO ( )

23      C.    Did you present the facts in your complaint for review through the grievance

24            procedure?

25            YES (**X**)    NO ( )

26      D.    If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review.  If you did not pursue a certain level of appeal,

28            explain why.

COMPLAINT                    - 1 -

1. Informal appeal **There is no informal level of appeal. This section does not apply.**

2. First formal level **The First Level Response appeal action was "Denied" and "Partially Granted" on July 6, 2012. CDCR 602 Inmate Appeal Log No. CSQ-3-12-00700.**

3. Second formal level **The Second Level Response appeal decision was "Granted in part," "Denied," and "Granted" on September 26, 2012.**

4. Third formal level **The Third Level Response appeal decision was "Denied" on January 10, 2013.**

E.  Is the last level to which you appealed the highest level of appeal available to you?

YES (X)     NO ( )

F.  If you did not present your claim for review through the grievance procedure, explain why. **N/A**

II.  Parties.

A.  Write your name and your present address.  Do the same for additional plaintiffs, if any.

**Kevin D. Sawyer, P-22673**

**San Quentin State Prison, 1-W-69-U**

**San Quentin, CA 94974**

B.  Write the full name of each defendant, his or her official position, and his or her place of employment. **Jeffrey Beard, Secretary CDCR. Kevin R. Chappell, Warden, San Quentin State Prison;**

COMPLAINT                               - 2 -

1  John Curzon, Warden (A), San Quentin State Prison; M. Foss,

2  Associate Warden, San Quentin State Prison; Chris MacDonald,

3  Lieutenant, San Quentin State Prison; R. Cavagnolo, Corrections

4  Officer, San Quentin; Ira J. Tate, Appeals Coordinator, SQSP.

5  III.   Statement of Claim.

6  State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  See the attached supplemental brief. Pages 5:8 through 11:15

11  contain the factual allegations for the statement of claim.

12

13

14

15

16

17

18

19

20

21

22

23  IV.   Relief.

24  Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  See the attached supplemental brief.  Pages 22:12 through 23:9

27  contain plaintiff's prayer for relief.

28

COMPLAINT                               - 3 -

1

2

3

4

5   I declare under penalty of perjury that the foregoing is true and correct.

6

7   Signed this ___6 th___ day of ___January___, 20 _15_

8

9   _____

10  (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    - 4 -

1  Kevin D. Sawyer, CDCR No. P-22673
   San Quentin State Prison, 1-W-69-U
2  San Quentin, CA 94974

3  In pro per

4

5

6

7                 UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                   (San Francisco Division)

10 Kevin DeRoi Sawyer,              )   Case No.
                                    )
11                    Plaintiff,    )   COMPLAINT FOR DECLARATORY
                                    )   RELIEF, INJUNCTIVE RELIEF,
12          v.                      )   AND MONETARY DAMAGES
                                    )   (42 U.S.C. § 1983, Civil
13 Jeffrey Beard (CDCR Secretary),  )   Rights Action, and 17 U.S.C.
   Kevin R. Chappell (SQSP Warden), )   § 101 et seq., U.S. Copyright
14 John Curzon, M. Foss,            )   Act.)
   Chris McDonald, R. Cavagnolo,    )
15 and Ira J. Tate,                 )
                                    )
16                    Defendants.   )
   _____)

17

18 Plaintiff, Kevin D. Sawyer, alleges as follows:

19                      I. INTRODUCTION

20      This is a civil rights action for declaratory relief,

21 injunctive relief, and monetary damages brought under 42 U.S.C.

22 § 1983 and the U.S. Copyright Act over the unlawful and un-

23 necessary seizure and reproduction of unpublished copyright-

24 protected intellectual property; confiscation of notes, quotes,

25 and other research material; suppression of free speech and

26 free expression; obstruction of justice; impeding access to

27 the inmate appeal process and courts; the right to due process


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1

and equal protection of law; and forgery of an official inmate appeal (grievance) in violation of the legal rights of plaintiff Sawyer while he was incarcerated at the California State Prison-San Quentin.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff is presently confined at San Quentin State Prison (SQSP) in the County of Marin, California.

2. There is a grievance process at this institution. The California Department of Corrections and Rehabilitation (CDCR) requires its inmates to use the Inmate/Parolee Appeal, CDCR Form 602 (inmate appeal), to file a grievance.

3. On December 28, 2011, plaintiff submitted a timely inmate appeal (Log No. CSQ-3-12-00700) to seek redress for the issues raised in this complaint. The inmate appeal was reviewed by the SQSP administration and the CDCR using the inmate appeal procedure pursuant to the California Code of Regulations, Title 15 (15 CCR), Division 3, §§ 3084, 3084.1 through 3084.9, and 3086.

4. Informal appeal: For the instant inmate appeal, there was no informal level of review. It was bypassed by the SQSP administration.

5. First formal level: The inmate appeal was "Denied" on July 6, 2012, with respect to plaintiff's claims and the relief requested herein.

6. Second formal level: The inmate appeal was "Denied" on September 26, 2012, with respect to plaintiff's claims and the relief requested herein.


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

2

1      7. Third formal level: The inmate appeal was "Denied"

2  on January 10, 2013, with respect to plaintiff's claims and

3  the relief requested herein.

4      8. The Third Level Response is the highest level available

5  for plaintiff to exhaust administrative remedies within CDCR.

6  This completes the CDCR review process.

7                 III. JURISDICTION AND VENUE

8      9. This is a civil rights action under 42 U.S.C. § 1983

9  to redress deprivation under color of state law of rights,

10  privileges and immunities guaranteed by the First, Fourth, and

11  Fourteenth Amendments to the United States Constitution and

12  under the U.S. Copyright Act (17 U.S.C. § 101 et seq.). This

13  Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343

14  (a) (1)-(4).

15      10. This Court has jurisdiction over plaintiff's action

16  for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57

17  of the Federal Rules of Civil Procedure.

18      11. Venue is proper in the Northern District of California

19  under 28 U.S.C. § 1391(b)(2) because a substantial part of the

20  events giving rise to the claims occurred at SQSP, in the

21  Northern District of California.

22                 IV. INTRA-DISTRICT ASSIGNMENT

23      12. The events giving rise to this lawsuit took place

24  in Marin County and thus this case should be assigned to the

25  San Francisco Division of the Northern District of California

26  pursuant to Rule 3-2(d) of the Local Rules of the Northern

27  District of California.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

## V.  PARTIES

13. Plaintiff, Kevin D. Sawyer is and was at all times relevant to this complaint an inmate incarcerated within the CDCR at SQSP.

14. Defendant Jeffery Beard is the Secretary of the CDCR. He is sued herein in his official capacities on behalf of the CDCR.

15. Defendant Kevin R. Chappell was at all times relevant to this complaint the Warden of SQSP. He is sued herein in his individual and official capacities. Defendant Chappell was responsible for supervising, disciplining, and providing necessary training for all correctional officers and staff employed at SQSP.

16. Defendants John Curzon and M. Foss are, and were at all times relevant to this complaint, Associate Wardens at SQSP. They are sued in both their individual and official capacities. Defendants Curzon and Foss were responsible for supervising, disciplining, and providing necessary training for all correctional officers and staff employed at SQSP.

17. Defendant Chris McDonald was a Correctional Lieutenant at SQSP at all times relevant to this complaint. He is sued in his individual and official capacities. Defendant McDonald was responsible for supervising, disciplining, and providing necessary training for correctional officers employed at SQSP in its Investigative Services Unit (ISU) and the Institution Gang Investigation (IGI) unit.

18. Defendant R. Cavagnolo was a Correctional Officer

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  at SQSP at all times relevant to this complaint. He is sued
2  in his individual and official capacities.

3      19. Defendant Ira J. Tate was an Appeals Coordinator
4  at SQSP at all times relevant to this complaint. She is sued
5  in her individual and official capacities.

6      20. At all times mentioned herein, the defendants were
7  employees of the CDCR at SQSP.

8                    **VI. FACTUAL ALLEGATIONS**

9      21. On December 7, 2011, defendant R. Cavagnolo seized
10 plaintiff's copyright-protected intellectual property and other
11 personal property, consisting of writings, notes, quotes, and
12 research material. The property was taken by R. Cavagnolo from
13 the warehouse at SQSP.  R. Cavagnolo then left a "cell search"
14 receipt in plaintiff's remaining property, stating: "Black August
15 written material, Revolutionary documents referencing George
16 Jackson. Other written material indicative of the Black Guerilla
17 Family prison gang." The receipt was not a detailed inventory
18 of what was seized.

19     22. On December 28, 2011, plaintiff, who is an African
20 American, filed a timely inmate appeal to recover all of his
21 property seized by defendant R. Cavagnolo.

22     23. In the six months that followed, defendant Ira J.
23 Tate repeatedly impeded plaintiff's access to the inmate appeal
24 system and obstructed justice by discarding plaintiff's original
25 inmate appeal beginning with her malfeasance on or about January
26 23, 2012, after the inmate appeal was resubmitted to her for
27 reprocessing.


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

5

1    24. After six months of documented entreaties to defendant
2   Tate, from plaintiff, Tate never produced the original inmate
3   appeal document(s), nor has she provided an explanation for
4   its disappearance, irrespective of CDCR regulations and pro-
5   cedures.

6    25. On June 10, 2012, plaintiff wrote a seven-page letter
7   detailing the chronological history of his attempt to appeal,
8   citing the relevant, enumerated sections of 15 CCR governing
9   the inmate appeal process. The letter was mailed to Ira J. Tate
10   and Tim Boerum. Copies of the letter were mailed to Warden Kevin
11   R. Chappell, Associate Warden Kelly Mitchell, Office of Internal
12   Affairs (CDCR), Office of the Inspector General, Office of Admin-
13   istratitive Law, Prison Law Office, Office of Third Level Appeals,
14   and the Office of the Ombudsman.

15    26. On June 13, 2012, plaintiff was interviewed by Asso-
16   ciate Warden Kelly Mitchell, in the presence of Lieutenant Hal
17   Williams, concerning the seven-page letter. Shortly thereafter,
18   plaintiff provided a copy of the instant inmate appeal to the
19   SQSP administration (Kelly Mitchell) for review.

20    27. On June 15, 2012, after receiving the copy of plain-
21   tiff's inmate appeal, defendant Tate forged a copy of the inmate
22   appeal and later processed it, that same day, and passed if
23   off to the other defendants as the original inmate appeal. There
24   is no "Treat as Original" stamp on the inmate appeal.

25    28. Defendants Chappell, Curzon, and Foss each ratified
26   defendant Tate's fraud by signing and endorsing her forged copy
27   of the inmate appeal.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

6

29. Defendant Kevin R. Chappell was given written con-
structive notice by plaintiff via confidential mail (pursuant
to 15 CCR § 3142) at each stage of every event that transpired
regarding the instant inmate appeal, as documented in the afore-
mentioned June 10, 2012, seven-page letter, and he failed to
intervene to correct the misconduct of his subordinates.

30. On July 3, 2012, during an interview concerning the
instant inmate appeal, defendant Chris McDonald advised plaintiff
that he would be receiving two "validation" points toward being
a member or associate of the Black Guerilla Family (BGF) prison
gang due to the content and nature of his unpublished prose,
poetry, being in possession of "gang indicia" (research material),
and for the books that he has read while in prison.

31. On July 3, 2012, defendant Chris McDonald "Partially
Granted" plaintiff's request to have his copyright-protected
intellectual property, notes, quotes, and research materials
returned to him. McDonald "Denied" plaintiff's request that
no part of his copyright-protected intellectual personal property
(Inmate Manuscript pursuant to 15 CCR §§ 3000 and 3151) be du-
plicated, transmitted, stored, distributed, filed, or published
without plaintiff's permission pursuant to the United States
Copyright Act (17 U.S.C. § 101 et seq.).

32. On July 10, 2012, on the SQSP upper yard, outside
of north block, defendants McDonald and Cavagnolo, and
Correctional Officer (CO) E. Pateo returned to plaintiff his
intellectual copyright-protected property and most of his notes,
quotes, and research material that were confiscated by defendant



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

7

1  Cavagnolo.

2      33. Noticeably missing from plaintiff's returned pro-

3  perty are, in part, notes, quotes, and research material from

4  the following books, pamphlets, magazines, and newspapers:

5          New Jack: Guarding Sing Sing, by John Conover
           The Trial, by Franz Kafka
6          Survivors' Manual, by California Prison Focus
           San Francisco Bay View newspaper
7          New Afrikan Prison Struggle, by Sundiata Acoli
           Lexus magazine (2001) article regarding 9/11 attacks
8          Makes Me Wanna Holler, by Nathan McCall
           A People's History of the United States, by Howard Zinn
9          History is a Weapon, by Watani Tyehimba
           The Zebra Murders, by P. Earl Sanders and B. Cohen
10         The Celling of America, by Prison Legal News
           Soledad Brother, by George Jackson
11         Blood In My Eye, by George Jackson
           Assata: A Biography, by Assata Shakur
12         To Die for the People, by Huey P. Newton
           A Tatste of Power, by Elaine Brown
13         Atlantic Monthly article regarding Al-Queada timeline
           United States Department of State, notes on Foreign
14             Terrorists Organizations and identifying criteria
           Why Are All the Black Children Sitting Alone
15             in the Cafeteria? by Beverly Tatum PhD.

16     34. Defendants (on July 10, 2012) McDonald and Cavagnolo

17  and CO E. Pateo then ordered plaintiff to remove his shirt

18  so they could look for evidence of gang tattoos on his skin.

19  Cavagnolo photographed plaintiff's upper body, front, back,

20  left, and right. Plaintiff has no tattoos of any kind anywhere

21  on his body.

22     35. During the July 10, 2012, encounter, CO E. Pateo

23  said to plaintiff, "You can write about whatever you want,

24  but just because you can, doesn't make it right."

25     36. During this same exchange, defendant Cavagnolo

26  told plaintiff SQSP still possessed George Jackson's property

27  and they have examined it. He said to plaintiff, "We've gone


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

through George Jackson's property. Every book he's read, you've read. Your writings are indicative of the BGF." Cavagnolo then told plaintiff, "You have two points toward validation." This, according to Cavagnolo, was for possessing a photocopy of a published article History is a Weapon, by Watani Tyehimba, and for possessing a so-called "gang symbol." The symbol, according to Cavagnolo, is a picture of George Jackson contained in a published pamphlet titled The New Afrikan Prison Struggle, written by Sudiata Acoli. Cavagnolo remarked to plaintiff, "You're lucky we haven't run up in your cell to get that third point" (to complete the validation process). Cavagnolo also said to plaintiff, "Anything written by George Jackson or has his picture on it is not allowed in the CDCR." Plaintiff told Cavagnolo that 15 CCR § 3378 makes no such statement regarding validation. Cavagnolo then remarked to plaintiff, "I see you're familiar with 3378" (gang validation criteria).

37. During the July 10, 2012, encounter, defendant McDonald said to plaintiff, "I see you've been reading Guerilla Warfare"(by Ernesto Che Guevara). Plaintiff responded by telling McDonald that he also has at least ten pages of handwritten notes taken from Adolf Hitler's book Mein Kampf, and then asked defendants why they were not interested in validating him as a member of the Aryan Brotherhood prison gang?

38. During the July 10, 2012, encounter, defendant Cavagnolo said a Confidential Information Disclosure Form, CDCR Form 1030, will be generated on plaintiff.

39. On September 26, 2012, defendant Tate failed to



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  recuse herself from reviewing plaintiff's inmate appeal at
2  the Second Level of Review after she clearly established bias,
3  prejudice, and misconduct in processing it.

4      40. In retaliation for plaintiff's complaints about
5  her to CDCR officials and other agencies concerning the pro-
6  cessing of the inmate appeal during the Second Level of Review
7  (Sept. 26, 2012), defendant Tate searched for a collected doc-
8  uments from inmate appeals filed by plaintiff at other prisons
9  and added these extraneous and unrelated documents to the
10  instant inmate appeal as "evidence" to infer plaintiff was
11  a member of the Black Panther Party, to create a nexus and
12  tie plaintiff with the BGF prison gang.

13      41. On September 26, 2012, defendant Chappell further
14  ratified the actions of defendant Tate by signing the Second
15  Level Review appeal decision prepared by Tate.

16      42. The defendants named above failed to return all
17  of plaintiff's notes, quotes, and research material, which
18  prevents him from completing his writings. The defendants'
19  unequivocal "Denial" of plaintiff's requests of them to not
20  reproduce his copyright-protected intellectual property is
21  their willful admission to violate the U.S. Copyright Act.

22      43. Defendants Chappell, Cavagnolo, McDonald, Foss,
23  Curzon, and Tate's actions violated plaintiff's First Amendment
24  right to free speech and free expression; Fourth Amendment
25  right against the government unlawfully seizing his notes,
26  quotes, and research material; Fourteenth Amendment right to
27  due process and equal protection of the law, and the U.S. Copy-



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   right Act.

2        44. Defendant Beard is the secretary and chief of opera-

3   tions of the CDCR and is responsible for the care, custody,

4   treatment, training, discipline, and employment of the inmates

5   in his custody and is required to maintain complete records

6   about each of the inmates. In addition, CDCR is required under

7   the California Information Practices Act of 1977 (Cal. Civil

8   Code § 1798 et seq.) to maintain accurate, relevant, timely,

9   and complete records about each of the inmates.

10        45. Defendant Beard is liable for the injunctive relief

11   sought in this complaint because he is responsible for all

12   CDCR records, for which plaintiff's intellectual property and

13   copyright-protected materials have been confiscated and copied,

14   because complete injuncitve relief cannot be granted without

15   him being a party defendant.

16                    **VII. CAUSES OF ACTION**

17                    **FIRST CAUSE OF ACTION**
     (42 U.S.C. § 1983, First Amendment to the U.S. Constitution;
18      defendants Kevin R. Chappell, John Curzon, M. Foss, Chris
          McDonald, R. Cavagnolo, Ira J. Tate, and Jeffrey Beard)
19

20        46. The allegations contained in paragraphs 1 through 45,

21   inclusive, are hereby incorporated by reference.

22        47. Defendant Chappell violated plaintiff's right to

23   freedom of speech and expression, guaranteed to the plaintiff

24   by the First Amendment to the United States Constitution, by

25   his actions failing to rectify the mishandling of plaintiff's

26   intellectual copyright-protected property, research materials

27   and inmate appeal by his subordinates, and approving the



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

11

1    decision on a forged inmate appeal ratifying their misconduct.
2    This happened after he repeatedly was provided with constructive
3    notice of these violations via the formal inmate appeal process,
4    and with express notice through a series of "confidential"
5    letters (pursuant to 15 CCR § 3142) mailed to him through the
6    United States Postal Service describing the above events.

7         48. Defendant Curzon violated plaintiff's right to
8    freedom of speech and freedom of expression, guaranteed to
9    the plaintiff by the First Amendment to the United States
10   Constitution, by his actions failing to rectify the mishandling
11   by his subordinates (of plaintiff's copyright-protected intel-
12   lectual property, notes, quotes and research material, and
13   inmate appeal), after he was provided with constructive notice
14   of these violations via the formal inmate appeal process.

15        49. Defendant Foss violated plaintiff's right to freedom
16   of speech and freedom of expression, guaranteed to the plaintiff
17   by the First Amendment to the United States Constitution, by
18   his actions failing to rectify the mishandling by his subordin-
19   ates (of plaintiff's copyright-protected intellectual property,
20   notes, quotes and research material, and inmate appeal), after
21   he was provided with constructive notice of these violations
22   via the formal inmate appeal process.

23        50. Defendant McDonald violated plaintiff's right to
24   freedom of speech and freedom of expression, guaranteed to
25   the plaintiff by the First Amendment to the United States
26   Constitution, by his actions of refusing to return all of
27   plaintiff's notes, quotes, and research material for writing;



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1    starting the "validation" process on plaintiff by alleging

2    his association with the BGF prison gang because of his writings

3    and choice of reading; and failing to supervise and train his

4    subordinate, who engaged in the same practices, after being

5    provided with constructive notice of these violations via the

6    formal inmate appeal process.

7         51. Defendant Cavagnolo violated plaintiff's right

8    to freedom of speech and freedom of expression, guaranteed

9    to the plaintiff by the First Amendment to the United States

10   Constitution, by his actions of refusing to return all of plain-

11   tiff's notes, quotes, and research material for writing, and

12   starting the "validation" process on plaintiff by alleging

13   his association with the BGF prison gang because of his writings

14   and choice of reading, after being provided with constructive

15   notice of these violations via the formal inmate appeal process.

16        52. Defendant Tate violated plaintiff's right to freedom

17   of speech and freedom of expression (to petition the government

18   for redress of grievances), guaranteed to the plaintiff by

19   the First Amendment to the United States Constitution, by not

20   recusing herself from reviewing plaintiff's inmate appeal after

21   she had exhibited bias, malfeasance, and prejudice; and by

22   denying plaintiff's appeal at the Second Level of Review which

23   formally provided her with constructive notice of the violation

24   of plaintiff's rights by the SQSP officials, in addition to

25   the express notice given by plaintiff in a series of "confiden-

26   tial" letters (pursuant to 15 CCR § 3142) mailed to her by

27   plaintiff through the United States Postal Service describing



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  the events above.

2      53. Defendant Tate also violated plaintiff's right

3  to petition the government for redress of grievances guaranteed

4  to plaintiff by the First Amendment to the U.S. Constitution,

5  by her actions of retaliating against plaintiff for his use

6  of the CDCR's official inmate appeal procedure, and for plain-

7  tiff's complaints to CDCR officials and other agencies about

8  her mishandling of plaintiff's inmate appeal.

9      54. Defendant Beard is liable for the injunctive relief

10  sought in this cause of action because he is responsible for

11  all CDCR records, for which plaintiff's intellectual copyright-

12  protected property and materials have been confiscated and

13  copied, because completed injunctive relief cannot be granted

14  without him being a party defendant.

15                 **SECOND CAUSE OF ACTION**

16     (42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution;
   defendants Kevin R. Chappell, John Curzon, M. Foss, Chris
   McDonald, R. Cavagnolo, Ira J. Tate, and Jeffrey Beard)

17

18      55. The allegations contained in paragraphs 1 through 54,

19  inclusive, are hereby incorporated by reference.

20      56. Defendant Chappell violated plaintiff's right

21  against unlawful seizure, guaranteed to the plaintiff by the

22  Fourth Amendment to the United States Constitution, by his

23  actions of failing to rectify the unwarranted and unlawful

24  seizure (by his subordinates), of plaintiff's intellectual

25  copyright-protected property and research materials, after

26  he was repeatedly provided with constructive notice of these

27  violations via the formal inmate appeal process, and with



1  express notice through a series of "confidential" letters (pur-
2  suant to 15 CCR § 3142) mailed to him by plaintiff through
3  the United States Postal Service to describe these events.

4      57. Defendant Curzon violated plaintiff's right against
5  unlawful seizure, guaranteed to the plaintiff by the Fourth
6  Amendment to the United States Constitution, by his actions
7  of failing to rectify the unwarranted and unlawful seizure
8  (by his subordinates) of plaintiff's intellectual property
9  and copyright-protected materials, after he was provided with
10  constructive notice of these violations via the formal inmate
11  appeal process.

12      58. Defendant Foss violated plaintiff's right against
13  unlawful seizure, guaranteed to the plaintiff by the Fourth
14  Amendment to the United States Constitution, by his actions
15  of failing to rectify the unwarranted and unlawful seizure
16  (by his subordinates) of plaintiff's intellectual property
17  and copyright-protected materials, after he was provided with
18  constructive notice of these violations via the formal inmate
19  appeal process.

20      59. Defendant McDonald violated plaintiff's right
21  against unlawful seizure, guaranteed to the plaintiff by the
22  Fourth Amendment to the United States Constitution, by his
23  actions endorsing the taking and holding of plaintiff's notes,
24  quotes, and research material, and failing to rectify the un-
25  warranted and unlawful seizure (by his subordinate) of plain-
26  tiff's intellectual property and copyright-protected materials,
27  after he was provided with constructive notice of these


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

15

1 │ violations via the formal inmate appeal process.

2 │    60. Defendant Cavagnolo violated plaintiff's right
3 │ against unlawful seizure, guaranteed to the plaintiff by the
4 │ Fourth Amendment to the United States Constitution, by his
5 │ actions of taking and holding of plaintiff's notes, quotes,
6 │ research material, and writings that were plaintiff's copyright-
7 │ protected, intellectual property, after he was provided with
8 │ constructive notice of these violations via the formal inmate
9 │ appeal process.

10 │    61. Defendant Tate violated plaintiff's right against
11 │ unlawful seizure, guaranteed to the plaintiff by the Fourth
12 │ Amendment to the United States Constitution, by her action
13 │ on plaintiff's inmate appeal ratifying the taking and holding
14 │ of plaintiff's notes, quotes, and research material that were
15 │ plaintiff's copyright-protected intellectual property, after
16 │ she was provided with constructive notice of these violations
17 │ via the formal inmate appeal process, and with express notice
18 │ in a series of letters mailed to her through the United States
19 │ Postal Service describing the above events.

20 │    62. Defendant Beard is liable for the injunctive relief
21 │ sought in this cause of action because he is responsible for
22 │ all CDCR records, for which plaintiff's intellectual property
23 │ and copyright-protected materials have been confiscated and
24 │ copied, and because complete injunctive relief cannot be granted
25 │ without him being a party defendant.

26 │                        **THIRD CAUSE OF ACTION**
   │ (42 U.S.C. § 1983; Fourteenth Amendment to the U.S. Constitution;
27 │    defendants Kevin R. Chappell, John Curzon, M. Foss, Chris



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  McDonald, R. Cavagnolo, Ira J. Tate, and Jeffrey Beard)

2   63. The allegations contained in paragraphs 1 through 62,

3  inclusive, are hereby incorporated by reference.

4   64. Defendant Chappell violated plaintiff's right to

5  due process and equal protection, guaranteed to the plaintiff

6  by the Fourteenth Amendment to the United States Constitution,

7  by his actions of failing to rectify the unwarranted and unlaw-

8  ful seizure (by his subordinates) of plaintiff's copyright-

9  protected intellectual property and materials, after he was

10  repeatedly provided with constructive notice of these violations

11  via the formal inmate appeal process, and with express notice

12  through a series of "confidential" letters (pursuant to 15 CCR

13  § 3142) mailed to him by plaintiff through the United States

14  Postal Service describing these events.

15   65. Defendant Curzon violated plaintiff's right to

16  due process and equal protection, guaranteed to the plaintiff

17  by the Fourteenth Amendment to the United States Constitution,

18  by his actions of failing to rectify the unwarranted and unlaw-

19  ful seizure (by his subordinates) of plaintiff's copyright-

20  protected intellectual property and materials, after he was

21  provided with constructive notice of these violations via the

22  formal inmate appeal process.

23   66. Defendant Foss violated plaintiff's right to due

24  process and equal protection, guaranteed to the plaintiff by

25  the Fourteenth Amendment to the United States Constitution,

26  by his actions of failing to rectify the unwarranted and unlaw-

27  ful seizure (by his subordinates) of plaintiff's copyright-

1  protected intellectual property and materials, after he was
2  provided with constructive notice of these violations via the
3  formal inmate appeal process.

4      67. Defendant McDonald violated plaintiff's right to
5  equal protection, guaranteed to the plaintiff by the Fourteenth
6  Amendment to the United States Constitution, by his actions
7  endorsing the seizure of plaintiff's notes, quotes, and research
8  material; authorizing the "validation" process on plaintiff
9  due  to his writings and choices of reading material; and fail-
10 ing to rectify the unwarranted and unlawful seizure (by his
11 subordinates) of plaintiff's copyright-protected intellectual
12 property and materials, after he was provided with constructive
13 notice of these violations via the formal inmate appeal process.

14     68. Defendant Cavagnolo violated plaintiff's right
15 to equal protection, guaratneed to the plaintiff by the Four-
16 teenth Amendment to the United States Constitution, by his
17 actions of seizing plaintiff's notes, quotes, and research
18 material that were his copyright-protected intellectual property,
19 and "starting the 'validation' process" due to plaintiff's
20 writings and plaintiff's choices of reading material, after
21 he was provided with constructive notice of these violations
22 via the formal inmate appeal process.

23     69. Defendant Tate violated plaintiff's right to equal
24 protection and due process, guaranteed to the plaintiff by
25 the Fourteenth Amendment to the United States Constitution,
26 by her actions ratifying the seizure of plaintiff's notes,
27 quotes, and research material that were his intellectual,



1  copyright-protected property; endorsing the "validation" process

2  due to plaintiff's writings and his choices of reading material;

3  and repeatedly impeding his access to the inmate appeal system,

4  after she was provided with constructive notice of these vio-

5  lations via the formal inmate appeal process and with express

6  notice via a series of "confidential" letters (pursuant to

7  15 CCR § 3142) mailed to her through the United States Postal

8  Service describing the aforesaid events.

9       70. Defendant Beard is liable for the injunctive relief

10  sought in this cause of action because he is responsible for

11  all CDCR records, for which plaintiff's intellectual property

12  and copyright-protected materials have been confiscated and

13  copied, and because complete injunctive relief cannot be granted

14  without him being a party defendant.

15  **FOURTH CAUSE OF ACTION**
(42 U.S.C. § 1983; U.S. Copyright Act; defendants Kevin R.

16  Chappell, John Curzon, M. Foss, Chris McDonald, R. Cavagnolo,
Ira J. Tate, and Jeffrey Beard)

17

18       71. The allegations contained in paragraphs 1 through 70,

19  inclusive, are hereby incorporated by reference.

20       72. Defendants' wrongful actions alleged herein are

21  in violation of 42 U.S.C. § 1983 because they have deprived

22  plaintiff of rights, benefits, and privileges secured by the

23  United States Constitution and the United States Copyright

24  Act.

25       73. Defendant Chappell violated plaintiff's right

26  against the unlawful copying, duplication, reproduction, circu-

27  lation, and storage of plaintiff's unpublished copyright-



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

19

1  protected intellectual property, guaranteed to the plaintiff
2  by the U.S. Copyright Act, by his action ratifying the denial
3  of plaintiff's requests that defendants do not do so; and fail-
4  ing to rectify the unwarranted and unlawful seizure (by his
5  subordinates) of plaintiff's copyright-protected intellectual
6  property and materials, after he was repeatedly provided with
7  constructive notice of these violations via the formal inmate
8  appeal process, and with express notice through a series of
9  "confidential" letters (pursuant to 15 CCR § 3142) mailed to
10  him by plaintiff through the United States Postal Service
11  describing these events.

12      74. Defendant Curzon violated plaintiff's right against
13  the unlawful copying, duplication, reproduction, circulation,
14  and storage of plaintiff's unpublished copyright-protected
15  intellectual property, guaranteed to the plaintiff by the U.S.
16  Copyright Act, by his action ratifying the denial of plaintiff's
17  requests that defendants do not do so; and failing to rectify
18  the unwarranted and unlawful seizure (by his subordinates)
19  of plaintiff's copyright-protected intellectual property and
20  materials, after he was provided with constructive notice of
21  these violations via the formal inmate appeal process.

22      75. Defendant Foss violated plaintiff's right against
23  the unlawful copying, duplication, reproduction, circulation,
24  and storage of plaintiff's unpublished copyright-protected
25  intellectual property, guaranteed to the plaintiff by the U.S.
26  Copyright Act, by his action ratifying the denial of plaintiff's
27  requests that defendants do not do so; and failing to rectify

1    the unwarranted and unlawful seizure (by his subordinates)
2    of plaintiff's copyright-protected intellectual property and
3    materials, after he was provided with constructive notice of
4    these violations via the formal inmate appeal process.

5        76. Defendant McDonald violated plaintiff's right
6    against the unlawful copying, duplication, reproduction, circu-
7    lation, and storage of plaintiff's unpublished copyright-
8    protected intellectual property, guaranteed to the plaintiff
9    by the U.S. Copyright Act, by his action denying plaintiff's
10   requests that defendants do not do so; and failing to rectify
11   the unwarranted and unlawful seizure (by his subordinates)
12   of plaintiff's copyright-protected intellectual property and
13   materials, after he was provided with constructive notice of
14   these violations via the formal inmate appeal process.

15       77. Defendant Cavagnolo violated plaintiff's right
16   against the unlawful copying, duplication, reproduction, circu-
17   lation, and storage of plaintiff's unpublished copyright-
18   protected intellectual property, guaranteed to the plaintiff
19   by the U.S. Copyright Act, by his willful actions to commit
20   these violations, after he was provided with constructive notice
21   of these violations via the formal inmate appeal process.

22       78. Defendant Tate violated plaintiff's right against
23   the unlawful copying, duplication, reproduction, and storage
24   of plaintiff's unpublished copyright-protected intellectual
25   property, guaranteed to the plaintiff by the U.S. Copyright
26   Act, by her action ratifying the denial of plaintiff's requests
27   that defendants do not do so; after she was provided with



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

21

constructive notice of these violations via the formal inmate appeal process, and with express notice through a series of "confidential" letters (pursuant to 15 CCR § 3142) mailed to her through the United States Postal Service describing the above events.

79. Defendant Beard is liable for the injunctive relief sought in this cause of action because he is responsible for all CDCR records, for which plaintiff's intellectual property and copyright-protected materials have been confiscated and copied, and because complete injunctive relief cannot be granted without him being a party defendant.

**PRAYER FOR RELIEF**

80. **WHEREFORE**, plaintiff respectfully prays the court:

1. Issue a declaratory judgment that the defendants' actions complained of herein violate plaintiff's rights under the U.S. Constitution, the U.S. Copyright Act, and as otherwise alleged herein;

2. Issue a permanent injunction enjoining the California Department of Corrections and Rehabilitation to return to plaintiff his notes, quotes, and research materials, and to destroy all copies of his intellectual property currently in the possession of the San Quentin State Prison officials and any other government agencies;

3. Award plaintiff monetary damages, compensatory and punitive, in the amount of twenty-five thousand dollars ($25,000);

4. Award plaintiff the costs of suit and


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

22

1  reasonable attorney's fees;

2          5. Grant plaintiff such other and further relief

3  as the Court deems just and proper.

4

5  Dated: _January 8th 2015_          Respectfully submitted,

6

7

8                                       _____
                                        Kevin D. Sawyer
9                                       In pro per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

23