UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEROI SAWYER,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN R. CHAPPELL, et al.,<br><br>  Defendants. | Case No. 15-cv-00220-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 3 |

Kevin Deroi Sawyer, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Sawyer states that defendants confiscated his writings, notes, quotes, and research material in violation of the First and Fourth Amendment and improperly processed his administrative appeals. He also alleges violation of the U.S Copyright Act. A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook,* 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal quotation marks omitted). Accordingly, a prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only "if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U. S. 223, 229 (2001) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see*, *e.g.*, *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002) (holding that rule subjecting prisoners to discipline for coercing a guard into not enforcing prison rules was, on its face, reasonably related to legitimate penological interests).

A claim that the application of a prison regulation violated a prisoner-plaintiff's First Amendment right to free speech does not end if the regulation, on its face, satisfies the *Turner* test. *Hargis*, 312 F.3d at 410. Although facially valid, the regulation may be unconstitutional as applied to the prisoner-plaintiff. *See id*. at 410-12 (finding triable issue as to whether prison officials' discipline of a prisoner for coercion, for his statement to a prison guard that the guard's

actions and statements could come up in pending state court litigation, violates the prisoner's right to free speech, when a jury could reasonably find that charging the prisoner with such a severe disciplinary infraction was an exaggerated response to prisoner's conduct).

With respect to the claim that the confiscation of his property was an unreasonable seizure in violation of the Fourth Amendment, the Fourth Amendment does not proscribe unreasonable searches or seizures of property in prison. *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8, 536 (1984). Moreover, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Sawyer's claims that his Fourth Amendment rights were violated and that his appeals were not granted or properly processed are dismissed.

Sawyer alleges that defendant Correctional Officer Cavagnolo seized Sawyer's writings, notes, quotes, research material, and other written material regarding the Black Guerilla Family prison gang.[1] After filing inmate appeals, much of the property was returned, yet some of the property remained confiscated. For purposes of screening, Sawyer has presented a cognizable First Amendment claim against defendant Cavagnolo. Sawyer has also identified many other defendants who are associate wardens or wardens of the prison along with other supervisor defendants. However, he has failed to identify how they were specifically involved in the confiscation of the property.

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at 675-84 (noting no vicarious liability under Section 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight

---

[1] Sawyer also received two "validation" points towards being a validated gang member of the Black Guerilla Family and several defendants began investigating him to determine if was involved with a prison gang. He has failed to set forth a valid claim that prison officials investigating him for gang activity violated the First Amendment. Nor is it alleged that Sawyer has been validated as a gang member.

3

responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Under no circumstances is there respondeat superior liability under section 1983, which means there is no liability under section 1983 solely because one is purportedly responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The complaint is dismissed with leave to amend. Sawyer must present more than conclusory allegations to state a claim against the supervisor defendants. He must describe the specific actions of these defendants. With respect to the allegation of a violation of the Copyright Act, Sawyer has not presented any facts for the Court to consider the claim. He only states that his copyrighted protected work was taken, but he does not describe the work or writings at issue nor does he demonstrate an ownership of a valid copyright. He may present more information in the amended complaint and identify the specific section of the Copyright Act that he relies upon. Sawyer is also informed that in the amended complaint he must include the allegations against defendant Cavagnolo because an amended complaint completely replaces the original complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of all defendants except Cavagnolo and this case will only proceed against him.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEROI SAWYER,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN R. CHAPPELL, et al.,<br><br>    Defendants. | Case No. 15-cv-00220-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin DeRoi Sawyer
P22673 1-W-69-U
San Quentin State Prison
San Quentin, CA 94974

Dated: July 29, 2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO