UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DEROI SAWYER,

    Plaintiff,

    v.

KEVIN R. CHAPPELL, et al.,

    Defendants.

Case No. 15-cv-00220-JD

**ORDER OF SERVICE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Plaintiff states that defendants confiscated his writings, notes, quotes, and research material in violation of the First, Fourth, and Fourteenth Amendments and improperly processed his administrative appeals.  He also alleges violation of the Federal Copyright Act.  A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook,* 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal quotation marks omitted).  Accordingly, a prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only "if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U. S. 223, 229 (2001) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see*, *e.g.*, *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002) (holding that rule subjecting prisoners to discipline for coercing a guard into not enforcing prison rules was, on its face, reasonably related to legitimate penological interests).

A claim that the application of a prison regulation violated a prisoner-plaintiff's First Amendment right to free speech does not end if the regulation, on its face, satisfies the *Turner* test.  *Hargis*, 312 F.3d at 410.  Although facially valid, the regulation may be unconstitutional as applied to the prisoner-plaintiff.  *See id*. at 410-12 (finding triable issue as to whether prison officials' discipline of a prisoner for coercion, for his statement to a prison guard that the guard's

1  actions and statements could come up in pending state court litigation, violates the prisoner's right
2  to free speech, when a jury could reasonably find that charging the prisoner with such a severe
3  disciplinary infraction was an exaggerated response to prisoner's conduct).

4      "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall
5  'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a
6  direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne
7  Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A
8  plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect
9  classification must plead intentional unlawful discrimination or allege facts that are at least
10 susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*,
11 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, the plaintiff must allege that the
12 defendant state actor acted at least in part because of plaintiff's membership in a protected class.
13 *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

14     "Within the prison context, a viable claim of First Amendment retaliation entails five basic
15 elements:  (1) an assertion that a state actor took some adverse action against an inmate (2)
16 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
17 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
18 correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
19 *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under §
20 1983 for retaliation must allege that he was retaliated against for exercising his constitutional
21 rights and that the retaliatory action did not advance legitimate penological goals, such as
22 preserving institutional order and discipline).

23     With respect to the claim that the confiscation of his property was an unreasonable seizure
24 in violation of the Fourth Amendment, the Fourth Amendment does not proscribe unreasonable
25 searches or seizures of property in prison. *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8, 536
26 (1984).  Moreover, there is no constitutional right to a prison administrative appeal or grievance
27 system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639,
28 640 (9th Cir. 1988).

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at 675-84 (noting no vicarious liability under Section 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability).  So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).  Under no circumstances is there respondeat superior liability under section 1983, which means there is no liability under section 1983 solely because one is purportedly responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that defendant Correctional Officer Cavagnolo seized his writings, notes, quotes, research material, and other written material regarding the Black Guerilla Family prison gang which was also a form of retaliation.  He alleges that defendant Tate purposely discarded his inmate appeals and forged other forms which denied him access to the courts.  He alleges that defendant McDonald retaliated against him due to filing inmate appeals.  He states the actions of these defendants were an Equal Protection violation because he was singled out due to his race.  These allegations are sufficient to proceed as violations of the First and Fourteenth Amendments.

The other defendants are dismissed because plaintiff has failed to sufficiently link them to the alleged constitutional deprivations and there is no right to an inmate appeal system.  Defendants also photocopied plaintiff's papers as part of the gang validation procedure against plaintiff.  Plaintiff's allegation that this violated the Copyright Act fails to state a claim.

## CONCLUSION

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint with attachments and copies of this order on

4

the following defendants: Correctional Officer R. Cavagnolo, Correctional Officer Chris McDonald, and Appeals Coordinator Ira J. Tate at San Quentin State Prison. All other defendants and claims are dismissed.

    2.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

        b.    At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c.    Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d.    If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  January 7, 2016

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DEROI SAWYER,

    Plaintiff,

v.

KEVIN R. CHAPPELL, et al.,

    Defendants.

Case No. 15-cv-00220-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin DeRoi Sawyer
P22673 1-W-69-U
San Quentin State Prison
San Quentin, CA 94974

Dated: January 7, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO