UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEROI SAWYER,<br><br>                Plaintiff,<br><br>        v.<br><br>CHRIS MACDONALD, et al.,<br><br>                Defendants. | Case No. 15-cv-00220-JD<br><br>**ORDER ON MOTIONS**<br>Re: Dkt. Nos. 25, 29, 30 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The Court ordered service on defendants Cavagnolo, McDonald, and Tate who worked at San Quentin State Prison. Cavagnolo has been served. The United States Marshal reported that the California Department of Corrections and Rehabilitation ("CDCR") has no current employment information regarding McDonald and no forwarding information. Docket No. 19. Defendant Tate no longer works for CDCR and while a forwarding address was provided, the United States Marshal went to the new address but learned that Tate had moved with no forwarding address. *Id*. Plaintiff has provided a new address for defendant Tate; therefore, the Court will order service.

Plaintiff has also filed a motion with the Court regarding discovery requests. Plaintiff is informed that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have

enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

Counsel for defendant, the California Attorney General's Office, may also provide addresses for the other defendants under seal and the Court will order the United States Marshal to serve the outstanding defendants while keeping the addresses confidential.

## CONCLUSION

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint with attachments, copies of this order and the prior order of service (Docket No. 11) on Appeals Coordinator Ira Tate, 2852 Mankas Blvd., Fairfield, CA, 94534.  Defendant Tate shall follow the instructions set forth in the order of service (Docket No. 11).

2. Defendant Cavagnolo's motion for an extension (Docket No. 29) is **GRANTED** and he shall file a dispositive motion by **October 31, 2016**.

3. Plaintiff's motion to produce documents (Docket No. 30) is **DENIED** and plaintiff should review the information set forth above and counsel may provide addresses for the remaining defendants under seal.

**IT IS SO ORDERED.**

Dated:  October 4, 2016

JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DEROI SAWYER,

    Plaintiff,

  v.

CHRIS MACDONALD, et al.,

    Defendants.

Case No. 15-cv-00220-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin DeRoi Sawyer
P22673
San Quentin State Prison
San Quentin, CA 94974

Dated: October 4, 2016

                    Susan Y. Soong
                    Clerk, United States District Court

                    By: *[signature]*
                    LISA R. CLARK, Deputy Clerk to the
                    Honorable JAMES DONATO